FILED
SUPERIOR COURT
OF GUAM

2022 JAN 28 PM 4: 20

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| IN THE MATTER OF THE ESTATES<br><br>OF<br><br>JUAN MARTINEZ UNPINGCO and<br>FIDELA SABLAN UNPINGCO,<br><br><br>Deceased. | PROBATE CASE NO. PR0118-21<br><br><br>**DECISION AND ORDER<br>RE PETITION FOR ORDERS<br>CONFIRMING POUR-OVER OF<br>DECEDENTS' REAL PROPERTY INTO<br>INTERVIVOS TRUST, WITHOUT<br>ADMINISTRATION, AND<br>AUTHORIZING TRANSFER OF<br>REGISTERED TITLE** |

This matter came before the Honorable Dana A. Gutierrez on September 30, 2021 for a hearing on Petitioners Linda Marie Sablan Unpingco Denorcey and Steven Sablan Unpingco ("Petitioners") Petition for Orders Confirming Pour-Over of Decedents' Real Property Into Intervivos Trust, Without Administration, and Authorizing Transfer of Registered Title ("Petition"). Present via Zoom were Petitioners and Attorney Oliver Bordallo representing Petitioners. Based on a review of the pleadings and applicable law, the Court now issues this Decision and Order **DENYING IN PART and GRANTING IN PART** the Petition.

## BACKGROUND

The above-captioned case was initiated by the filing of the Petition on June 15, 2021. On July 7, 2021, all of the heirs of Decedents Juan Martinez Unpingco and Fidela Sablan Unpingco ("Decedents"), with the exception of Petitioners, filed an Entry of Appearance, Waiver of Notice

and Consent to Petition Confirming Pour-Over of Decedents' Real Property Into Intervivos Trust: 1) Kenneth Thomas Sablan Unpingco; 2) Arleen Judy Sablan Unpingco Pierce; 3) Joseph Manuel Vicente Sablan Unpingco; 4) Robert Francisco Sablan Unpingco; 5) John Sablan Unpingco; and 6) Ricardo Sablan Unpingco. On September 14, 2021, Petitioners filed a Memorandum of Law in support of the Petition. Subsequent to the hearing on the Petition, Petitioners filed a Supplemental Memorandum of Law Re: "Power of Sale" on November 12, 2021.

## DISCUSSION

The Petition seeks from the Court: 1) an Order confirming that all of the real property of Decedents, as listed in Appendix A of the Petition, are assets of the J&F Trust pursuant to the Decedents' Declaration of Trust dated August 7, 2002, as amended, and their Memoranda of Trust recorded at the Department of Land Management, Government of Guam, on August 30, 2002, October 31, 2003, and August 8, 2008, respectively; 2) or, in the alternative, an Order that all of the real property of Decedents, as listed in Appendix A, shall be poured over into the J&F Trust, without administration, pursuant to the Decedents' Last Will and Testaments and Guam's Testamentary Additions to Trust Act; and 3) an Order authorizing and directing the Registrar of Titles, Department of Land Management, Government of Guam, to cancel the outstanding certificate of title and issue, in its place, for each parcel of real property listed in Appendix A, a new certificate of title in the names of Linda Marie Sablan Unpingco Denorcey and Steven Sablan Unpingco, as Co-Trustees of the J&F Trust. Petition, at 4-5.

The Decedents in the above-captioned matter died testate leaving identical Last Will and Testaments both dated October 23, 2002. Petition, at ¶ 3. Paragraph 5 of the Decedents' last wills each contain the following provision:

> J&F Trust. In the event of my death, subject to paragraph 4 of this Will [concerning personal and household effects], I hereby give, devise, and bequeath, in trust with power of sale, the rest, residue, and remainder of my estate, real,

personal, tangible, intangible, and mixed property wheresoever located except property located outside of Guam and of whatsoever kind, to the Trustee of the J&F Trust executed by Juan Martinez Unpingco and Fidela Sablan Unpingco as the Co-Trustors and dated August 2, 2002 (hereinafter referred to as the "Trust").

Petition, at ¶ 5.

Concurrently with the execution of the Last Will and Testaments, the Decedents also executed a Declaration of Trust establishing the J&F Trust on August 7, 2002. Petition, at ¶ 6. Subsequently, the Decedents executed the following documents related to the J&F Trust: 1) several amendments to the Declaration of Trust, the last being the Fifth Amendment dated March 5, 2009; 2) a Short Form Trust dated August 5, 2008; and 3) three Memoranda of Trust dated August 7, 2002, October 7, 2003, and August 5, 2008. Petition, at ¶ 7-8. The Short Form Trust and the three Memoranda of Trust were recorded at the Department of Land Management. Petition, at ¶ 9.

The original Declaration of Trust and each Memoranda of Trust (referred to collectively as "Trust Documents") provides that the Decedents, as Co-Trustors of the J&F Trust, expressly declare, publish, and acknowledge that the Decedents, and their respective successors or assigns in trust:

> hold in trust, as co-Trustees or as the Trustee, as applicable (hereinafter collectively, individual, or successively referred to as the 'Trustee'), with power of sale, for the purpose and the beneficiaries described or indicated, real property described as [certain parcels of real property identified depending on the Trust document][1] together with all substitutions or additions thereto, or any other property whatsoever including, but not limited to, real, personal, tangible or intangible property, or money added to the Trust, and any and all income thereof, as the trust estate.

---

[1] There are ten (10) total properties identified in the Petition which are listed in Appendix A attached to the Petition. The first property identified in Appendix A to the Petition is incorporated by reference in the original Declaration of Trust and the August 7, 2002 Memorandum of Trust. The second, third, fourth, fifth, sixth, seventh, and eighth properties identified in Appendix A are incorporated by reference in the October 7, 2003 Memorandum of Trust. The ninth and tenth properties identified in Appendix A are incorporated by reference in the August 5, 2008 Memorandum of Trust.

Petition, Exhibit 5 (Decl. of Trust); *See* Exhibit 8 (August 7, 2002 Memorandum of Trust); Exhibit 9 (October 7, 2003 Memorandum of Trust); Exhibit 10 (August 5, 2008 Memorandum of Trust).

## I. *Estate of Heggstad* Is Distinguishable from the Case at Bar.

Petitioners rely on *Estate of Heggstad*, 16 Cal.App.4th 943 (Ct. App 1993) in order to support their contention that property may be conveyed to a trust without a separate instrument, such as a deed, transferring the property to a trust. Mem. of Law, at 2-3. Upon review of *Heggstad*, that case is distinguishable from this case because the trust document in *Heggstad* contained conveying language, whereas the Trust Documents in the case at bar contain no such language. In other words, assuming *arguendo* that a declaration of trust or a memorandum of trust were sufficient to convey property to an inter vivos trust, any such trust documents must contain the required conveying, or granting, language for those documents to have such an effect.

In *Heggstad*, the trust stated: "Halvard L. Heggstad, called the settlor or the trustee, depending on the context, declares that he has set aside and **transfers to** Halvard L. Heggstad in trust, as trustee, the property described in Schedule A attached to this instrument." *Heggstad*, 16 Cal.App.4th at 947 (emphasis added). In other cases interpreting the holding in *Heggstad*, the trust documents contained similar conveying language expressing an intent to transfer the property to the trust. *E.g., Ukkestad v. RBS Asset Finance, Inc.*, 235 Cal.App.4th 156, 159-161 (Cal. Ct. App. 2015) (finding the requirements under *Heggstad* met, but the trust document stated that the grantor "hereby **assigns, grants and conveys** to the trustees of this instrument all of the grantor's right, title and interest in and to all of his real and personal property[.]") (emphasis added); *Carter v. Williams*, No. B293063, 2020 WL 486872, at *1, 4-5 (Cal. Ct. App. 2020) (finding the requirements under *Heggstad* met where the trust document stated that the grantor "has transferred and delivered to the trustee all her interest in the property[.]").

The language used in the trust documents of the cases cited reflect that language

expressing an intent to convey or transfer the property is still necessary to transfer the property into the trust. This interpretation is supported by Guam's statutes governing transfers of real property. Title 21 GCA § 4102, entitled Form of Grant, identifies the language to be used when granting real property:

> A grant of an estate in real property may be made in substance as follows:
> I, *A.B.*, grant to *C.D.*, all that real property situated in (insert location), bounded (or described) as follows:
> (Here insert description, or if the land sought to be conveyed has a descriptive name, it may be described by the name, as for instance, The Norris Ranch.)
> Witness my hand this (insert day) day of (insert month and year.)

Although "no precise words are necessary to constitute a present conveyance," the "dispositive question is whether the words used are sufficient to show an intention to pass a present title." *Palmer v. Silveira*, No. H037588, 2013 WL 1127633, at 12 (Cal. Ct. App. 2013) (noting that the purported conveying document did not contain the "paradigmatic term 'grant'" and finding that no other language in the agreement establishes the requisite "intent.").[2]

In this case, neither the Declaration of Trust nor the three subsequent Memoranda of Trust contain the aforementioned transferring language identified in 21 GCA § 4102. Rather, the Trust Documents state that the Decedents, identified as the Trustors, "hold in trust, as co-trustees or as the Trustee" various specified parcels of real property. Petition, Exhibit 5 (Decl. of Trust); See Exhibit 8 (August 7, 2002 Memorandum of Trust); Exhibit 9 (October 7, 2003 Memorandum of Trust); Exhibit 10 (August 5, 2008 Memorandum of Trust).

Petitioners have failed to direct this Court, and the Court itself has not found, a case finding the trust document sufficient to transfer the property into the trust wherein the relevant trust documents merely claim to "hold [the property] in trust" but do not contain conveying language, such as the words used in *Heggstad*, *Ukkestad*, and *Carter*, cited above. *Heggstad*, 16

---

[2] California's statute regarding the required form of a grant of real property, codified at Cal. Civil Code § 1092, is identical to Guam's 21 GCA § 4102.

Cal.App.4th at 947; *Ukkestad*, 235 Cal.App.4th at 159-161; *Carter v. Williams*, 2020 WL 486872, at *1, 4-5. As this language is not present in the Trust Documents here, the Court finds Petitioners' case distinguishable from that in *Heggstad*, and therefore, declines to apply *Heggstad*'s holding to the case at bar.

## II. California Law Is Not Controlling on the Issue Before the Court.

The authorities relied on in *Heggstad* are primarily, if not exclusively, California case law or California secondary sources, and general secondary sources such as the Restatement 2d of Trusts. *Heggstad*, 16 Cal.App.4th at 947-52. The Guam Supreme Court has yet to address Guam's trust statutes, including how applicable or persuasive California precedent might be in this jurisdiction.

The strength of *Heggstad*'s authority in this jurisdiction is further called into question due to the fact that, subsequent to the decision in *Heggstad*, California's Legislature explicitly adopted a procedural mechanism for trustees to obtain a determination from the court, that property held in a decedent's name is actually trust property, and such mechanism is now commonly referred to as a "*Heggstad* petition" in California. *Edson v. Don Cornelius Productions, Inc.*, No. B259699, 2015 WL 9002694, at *2, n. 2 (Cal. Ct. App. 2015) ("A *Heggstad* petition is a petition to retitle assets into a trust, based on the authority of Estate of *Heggstad* . . . and Probate Code section 850, subdivision (a)(3)(B)."); *In Re Estate of Schooler*, No. D053924, 2010 WL 24213, at *4, n. 9 (Cal. Ct. App. 2010) ("A *Heggstad* petition is a procedural device to obtain a determination that property held in a decedent's name is actually trust property."); *Kucker v. Kucker*, 120 Cal.Rptr.3d 688, 689-92 (Cal. Ct. App. 2011).[3]

---

[3] This mechanism is contained within Part 19 of California's Probate Code, entitled Conveyance or Transfer of Property Claimed to Belong to Decedent or Other Person, codified at Cal. Probate Code § 850(a)(3)(B), and provides that:

> (a) The following persons may file a petition requesting that the court make an order under this part: [ . . . ]
> (3) The trustee or any interested person in any of the following cases: [ . . . ]

6

Absent precedent from the Guam Supreme Court or any laws demonstrating legislative intent for such a procedure, this Court finds that California law would not be controlling in the case at bar, even if the facts were not distinguishable from *Heggstad*. For the aforementioned reasons, the Court must decline to grant Petitioners' request to confirm that all of the real property of Decedents are assets of the J&F Trust pursuant to the Decedents' Trust Documents.

**III.    Decedents' Assets May Be Poured-Over Into the J&F Trust Pursuant to 15 GCA § 701.**

Alternative to an Order that the Court declare the properties as assets of the J&F Trust, the Petitioners request an order that all of the real property of Decedents be poured over into the J&F Trust, without administration, pursuant to the Decedents' Last Will and Testaments and Guam's Testamentary Additions to Trust Act.

Guam's Testamentary Additions to Trusts Act (the "Act"), codified at 15 GCA § 701, provides that a devise or bequest may be made by a pour-over will to the trustee of a trust established by the testator, if the trust is identified in the testator's pour-over will and its terms are set out in a written instrument, such as a trust agreement, executed before or concurrently with the execution of the testator's pour-over will. 15 GCA § 701. The Act further provides that the property so devised or bequeathed, through the pour-over will shall be administered and disposed of in accordance with the provisions of the instrument. *Id.*

The Decedents executed their Declaration of Trust establishing the J&F Trust on August 7, 2002 and executed their Last Will and Testaments (the "Wills") on October 23, 2002. Petition, at ¶ 3, 5. Therefore, the trust was executed before the execution of the Wills, as required by 15 GCA § 701.

The Wills both contain a pour-over provision as authorized by 15 GCA § 701, as

---

(B) Where the trustee has a claim to real or personal property, title to or possession of which is held by another.

follows:

> J&F Trust. In the event of my death, subject to paragraph 4 of this Will [concerning personal and household effects], I hereby give, devise, and bequeath, in trust with power of sale, the rest, residue, and remainder of my estate, real, personal, tangible, intangible, and mixed property wheresoever located except property located outside of Guam and of whatsoever kind, to the Trustee of the J&F Trust executed by Juan Martinez Unpingco and Fidela Sablan Unpingco as the Co-Trustors and dated August 2, 2002 (hereinafter referred to as the "Trust").

Petition, at ¶ 5. Thus, upon proof of the Wills, the real property of Decedents may be poured over into the J&F Trust, without administration, pursuant to 15 GCA § 701.

Title 15 GCA § 1519 identifies the requirements necessary to prove a witnessed will. Specifically, 15 GCA § 1519(c) provides that:

> [I]f no one appears at the hearing to contest the probate, and if the Superior Court of Guam is satisfied that the evidence of no subscribing witness can be procured after reasonable search or inquiry, and upon proof that due notice of the hearing has been given pursuant to the provisions of Sections 1517 and 3401 of this Title, the Superior Court of Guam may, if the will on its face conforms to all requirements of law, admit the will to probate and grant letters testamentary or letters of administration with the will annexed as follows:
>
> (1) Upon proof of the handwriting of the testator and any one of the subscribing witnesses; or
>
> (2) Upon proof of the handwriting of the testator and receipt in evidence either of a writing at the end of the document offered as a will bearing the purported signatures of all subscribing witnesses, or an affidavit of a person with personal knowledge of the circumstances of execution, which writing or affidavit recites facts showing the due execution of the will.

On September 13, 2022, counsel for Petitioners submitted a Declaration attaching the original Wills of the Decedents. Decl. of Oliver Weston Bordallo (Sept. 13, 2021) (hereinafter "Declaration"). Attorney Bordallo's Declaration attests that a diligent effort was made to contact both subscribing witnesses, but such efforts were unsuccessful. *Id.* at ¶ 5. Based on the Declaration, the Court is satisfied that "the evidence of no subscribing witness can be procured after reasonable search or inquiry[.]" 15 GCA § 1519(c).

The Court further finds that: 1) due notice of the hearing on the Petition was given pursuant to the provisions of 15 GCA §§ 1517 and 3401[4]; 2) no one appeared at the September 30, 2021 hearing to contest the Petition; and 3) the Wills on their face conform to all requirements of law, pursuant to 15 GCA § 201. Attorney Bordallo's Declaration attests that proof of the Decedents' handwriting is demonstrated by comparing their signatures in the numerous J&F Trust documents to their signatures on the Wills, and that Attorney Bordallo, based on his estate planning meetings with Decedents, has personal knowledge regarding the Decedents' execution of their Wills. Decl., at ¶ 8-9; *see* 15 GCA § 1519(c)(2). Lastly, the Petitioners allege that "Decedents left no other property, real or personal, subject to probate administration, all of their assets having been transferred to the J&F Trust pursuant to their pour-over wills, Declaration of Trust, as amended, and Memoranda of Trust." Petition, at ¶ 12.

Accordingly, the Court finds the original Wills filed with the Court on September 13, 2021 to be valid pursuant to 15 GCA § 1519, and therefore, in accordance with 15 GCA § 701, the property so devised or bequeathed through the pour-over provisions contained therein shall be administered and disposed of in accordance with the provisions of the Declaration of Trust dated August 7, 2002, as amended by the Fifth Amendment to Declaration of Trust dated March 5, 2009.

## CONCLUSION

In accordance with the applicable law and for the foregoing reasons, the Court hereby **DENIES IN PART** and **GRANTS IN PART** the Petition for Orders Confirming Pour-Over of Decedents' Real Property Into Intervivos Trust, Without Administration, and Authorizing

---

[4] The Notice of the Hearing on the Petition set for September 30, 2021 (the "Notice") was published for three (3) consecutive days in a newspaper of general circulation, with the last day of the publication being no more than ten (10) days before the hearing date. Decl. Re Publication (Sept. 29, 2021). The Notice was posted at least fifteen (15) days prior to the hearing date. Decl. of Posting (Sept. 13, 2021). Lastly, all heirs of the Decedents, except the Petitioners themselves, filed an Entry of Appearance, Waiver of Notice and Consent to Petition Confirming Pour-Over of Decedents' Real Property Into Intervivos Trust.

Transfer of Registered Title, as follows:

1.      Petitioners' request for an Order confirming that all of the real property of Decedents, as listed in Appendix A of the Petition, are assets of the J&F Trust is **DENIED**;

2.      Petitioners' request for an Order that all of the real property of Decedents, as listed in Appendix A attached to the Petition, shall be poured over into the J&F Trust, without administration, pursuant to the Decedents' Last Will and Testaments and Guam's Testamentary Additions to Trust Act is **GRANTED**.

The Court further **ORDERS** that Petitioners shall submit a proposed Order consistent with this Decision and Order by **February 11, 2022 at 5:00 p.m.**

**SO ORDERED**:     JAN 2 8 2022

_____
**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**

10